O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**link #48/59**

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-8316 PSG (VBk) | Date | August 14, 2008 |
|---|---|---|---|
| Title | Bank of America, National Association v. Dalrada Financial Corp., *et al.* | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present  Not Present

**Proceedings:** **(In Chambers) Order DENYING Defendants Warning Management Services, Inc., John Capezzuto, and Employment Systems Inc.'s Motion to Dismiss pursuant to Fed. R. Civ. P. 41**

Pending before this Court is Defendants Warning Management Services, Inc.'s, John Capezzuto's, and Employment Systems Inc.'s Motion to Dismiss pursuant to Fed. R. Civ. P. 41. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court DENIES Defendants' Motion.

I.  BACKGROUND

On December 26, 2007, Plaintiff Bank of America, National Association ("Bank of America") brought an interpleader action against Defendants Dalrada Financial Corp. ("Dalrada"), Fenix Capital, LLC ("Fenix"), Quality Plumbing, All Staffing, Inc. ("All Staffing"), Warning Management Services, Inc. ("Warning Management"), Employment Systems, Inc. ("Employment Systems"), and individuals Brian Bonar ("Bonar") and John Capezzuto ("Capezzuto"). The Complaint alleges that Defendants each claim the right to ownership and possession of $149, 487.70, which Bank of America was holding from the accounts of Warning Management/ Employment Systems (Account No. 10267-46278) and Dalrada (Account No. 10267-43839) (collectively "Accounts"). (Comp. ¶ 20.) The Complaint alleges that Bank of America withdrew all funds on deposit in the Accounts into the Registry of Court. (Id., ¶ 23.)

On June 30, 2008, the Court signed the parties' Stipulated Judgment in interpleader

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

link #48/59

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8316 PSG (VBk) | Date | August 14, 2008 |
|---|---|---|---|
| Title | Bank of America, National Association v. Dalrada Financial Corp., *et al.* | | |

discharging Bank of America from any and all liability on Defendants' claims with respect to the Accounts. (Dock. No. 43.) The Stipulated Judgment also provided that:

> The parties to this action, and each of them, are restrained from instituting or further prosecuting any action in any court in this state or elsewhere affecting the rights and obligations of BANK OF AMERICA for Account No. 10264-46278 and the sums of deposit in said account in the amount of $64,792.70 and BANK OF AMERICA Account No. 10264-43839 and the sums on deposit in said account in the amount of $84,695, and the total sum deposited with the Clerk of this Court in the amount of $149,487.70 and interest accrued thereon;

(Stipulated Judgment, ¶ 4.)

Defendants Warning Management, Employment Systems and Capezzuto ("Moving Defendants") now seek their dismissal from the action, pursuant to Fed. R. Civ. P. 41(a)(2). Defendants Fenix and All-Staffing join in the action to dismiss Moving Defendants as long as their dismissal is with prejudice. Bank of America opposes the motion.

II.   <u>LEGAL</u> <u>STANDARD</u>

Fed R. Civ. P. 41(a)(2) provides:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

The decision to grant a voluntary dismissal under Rule 41(a)(2) is committed to the sound discretion of the district court. *See, e.g., Navellier v. Sletten*, 262 F.3d 923, 938 (9th Cir. 2001) (citing *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980)). However, the Ninth Circuit has repeatedly advised that "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987); *Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145-46 (9th Cir. 1982)). Legal prejudice means "prejudice to some legal interest,

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**link #48/59**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-8316 PSG (VBk) | Date | August 14, 2008 |
|---|---|---|---|
| Title | Bank of America, National Association v. Dalrada Financial Corp., *et al.* | | |

some legal claim, some legal argument." *Id.* (internal quotations and citation omitted)

III. DISCUSSION

Moving Defendants contend that good cause exists to grant this motion because they are waiving, relinquishing, disclaiming and withdrawing any interest in or claim or entitlement to the funds which have been interpleaded in this action. (Amended Motion at 3; Capezzuto Dec., ¶ 4.) However, "good cause" is not the standard in a Rule 41(a)(2) voluntary dismissal. Moreover, Rule 41(a)(2) authorizes a voluntary dismissal "at plaintiff's instance." Fed. R. Civ. P. 41(a)(2). Thus, Moving Defendants cannot use Rule 42(a)(2) as the basis for having themselves dismissed from the action. Finally, the Court agrees with Bank of America's argument that Moving Defendants are bound by the terms of the Stipulated Judgment, and may not move to be dismissed after entry of that Stipulated Judgment.

IV. CONCLUSION

For the foregoing reasons, the Court DENIES Moving Defendants' motion to dismiss pursuant to Rule 41(a)(2).

IT IS SO ORDERED.

: 

Initials of Preparer